FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 JUL 19 PM 4: 30

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | |
|---|---|
| JONATHAN ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV405-192 |
| ) | |
| STATE OF GEORGIA, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 on October 19, 2005. Doc. 1. The Court granted plaintiff's motion to proceed *in forma pauperis* provided that he return the required Prisoner Trust Fund Account Statement form and a Consent to Collection of Fees from Trust Account form. Doc. 3. Plaintiff has failed to return these forms.

Plaintiff has filed several motions for extensions of time to return these forms. Plaintiff first complained that he did not receive the forms after he was transferred from the Calhoun State Prison to the Coastal Transitional Center. Doc. 5. Plaintiff then complained that officials at the Coastal Transitional Center were withholding information from him so that

he could not complete the forms. Doc. 7. In his most recent communication with the Court, a letter dated April 9, 2006, plaintiff continued to complain that the business manager at the Coastal Transitional Center was withholding information from him. Plaintiff also indicated that he may be released from the Coastal Transitional Center during the month of April 2006.

The Court sent plaintiff additional copies of the forms and granted each of his requests for extensions of time to complete them. Docs. 6, 8, 11. The Court further directed officials at the Coastal Transitional Center to furnish plaintiff with the information necessary to complete the forms. Docs. 8, 11. The Court also directed plaintiff to advise the Court whether he had been released from the Coastal Transitional Center and whether he had gained employment if he had been released. Doc. 11. That Order was subsequently returned to the Court undelivered because plaintiff is no longer incarcerated at the address on file with the Court. It has been over three months since plaintiff's last contact with the Court.

Plaintiff's neglect in prosecuting his case and his failure to provide the Court with a current address clearly demonstrate that plaintiff has lost

interest in his case. Accordingly, plaintiff's complaint should be DISMISSED for want of prosecution. See Fed. R. Civ. P. 41(b); Local Rule 41.1(c).

**SO REPORTED AND RECOMMENDED** this 19th day of July, **2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA